Judge Trimble,
delivered the following opinion of the court The first error assigned, is, that the declaration was filed before the return day of the writ; the writ being returnable on the eighteenth day of June, and the declaration filed on the June rule day, which is on the 16th day of the month.
It is extremely doubtful, whether the order of the circuit court, fixing the rule day thereof, can be brought into, or considered as a part of this record, so as to enable this court judicially to take notice on what day of the month the rule day came. We strongly incline to the opinion that it cannot. The law has authorised the circuit courts to correct the steps taken in the cilice, in vacation ; so that the defendant might, and we think, ought to have applied to that court to make the correction, if he had deemed it material. He might then have given in evidence, the general order establishing the rule days ; and if the motion had been overruled, he might have excepted, and made the order a part of the bill af exceptions ; and, in that way, it might have been made, regularly, a part of the record in this suit. That not having been done, it can no more be considered a part of this record, than the record of another suit, which had been decided in the same court, or any of the other general records of the court.
But, be this as it may, we are clearly of opinion, the objection ought not to he deemed fatal upon error; especially, as the common order was not taken untilthe. July rules, and after the defendant’s appearance to the suit.
The second assignment of error, is, “ That a common, order was taken at the Julv rules, against defendant and appearance bail, although special bail had been entered at the June term ; at which rules, there ought to have been a continuance, or at most, a rule to plead.”
These steps were certainly irregular ; and if the defendant had applied to the court below, as he ought to have done, he might have had them corrected ; or if that court had refused, on application, he might here obtain redress. Or if the plaintiff had proceeded to take final judgment against the appearance bail, after he had been *560 released, upon the record* by the regular entry of special bail, the judgment must have been reversed on behalf of the bail. But no judgment has been given against fhe appearance bail ; for the final judgment, rendered after the execution of the writ of inquiry, is against the defendant only : whereby all irregularity, as to the bail, is cured.*
Wickliffe, for the plaintiff; Allen, for the defendant.
As to the defendant, he having appeared to the action; ■fras bound to take notice of the steps taken against him at the rules ; and if they were irregular, to apply, to the Court below, who presides over its owri rule docket, iii the first instance, for redress; Having failed to do so; he has waived the objection, and ought not to be permitted to make it, for the first time, in an appellate court. To listen to such objections in this court, Would, in general^ tend only to delay, and the perversion of justice ; and none, but those who have been negligent, or who have lain by, seeking an opportunity for procrastination; can be injured by discountenancing them. They ought, therefore, to be disregarded, or considered as mere in-formalities, not affecting the right of the case; The Other errors assigned, are sufficiently answered by the foregoing observations. — ~;Judgment affirmed,

 Latham vs. Prather & Smiley, Spring term 1802, S. P. Pr, Dec. 144.